UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HUI LUO,                                                    :
                                                            :
                              Plaintiff,                    :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
              - against -                                   :
                                                            :   14 Civ. 1003 (BMC)
L&S ACUPUNCTURE, P.C., AMERICAN                             :
ASIAN ACUPUNCTURE, PLLC, and                                :
GUOXI LIU,                                                  :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X

**COGAN,** District Judge.

Having obtained a judgment following trial for $4,130.75 in unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law §650 *et seq.*, plaintiff moves for an award of attorneys' fees of $84,362.50 and costs of $4830.67.  The motion is granted in part and denied in part.

**I.     Standard**

Both the FLSA and New York Labor Law allow for an award of "reasonable" attorneys' fees.  See 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  The amount of attorneys' fees to award a prevailing party is determined by calculating the "presumptively reasonable fee."  Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009).  To determine this presumptively reasonable fee, the Court first multiplies the number of hours "reasonably spent on the litigation" by "a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).  A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits."  Arbor Hill Concerned Citizens

Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007). In determining the reasonable hourly rate, the Court should consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 186 n.3 (citing the so-called "Johnson factors" set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939 (1989)). "The burden is on the party moving for attorneys' fees to justify the hourly rate sought." Ehrlich v. Royal Oak Fin. Servs., Inc., 12-cv-3551, 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012) (citing Hensley, 461 U.S. at 437).

## II. Plaintiff's Attorneys' Hourly Rates

Plaintiff had six attorneys plus paralegals working on this case. The following chart states their claimed rates and the amount of time put into this case.

| Individual | Hours | Rate | Total |
|---|---|---|---|
| John Troy | 145.55 | $ 350 | $ 50,942.50 |
| Benjamin Federici | 81.8 | $ 250 | $ 20,450.00 |
| Amy Millican | 8.9 | $ 250 | $ 2,225.00 |
| Bianca Dano | 6.25 | $ 200 | $ 1,250.00 |
| Chi Yeon Kim | 37.7 | $ 200 | $ 7,540.00 |
| Raakib Bhuiyan | 6.3 | $ 150 | $ 945.00 |
| Paralegals | 10.1 | $ 100 | $ 1,010.00 |
| **TOTAL** | **296.6** | | **$ 84,362.50** |

It should be noted that all of the associates were admitted to the bar in 2014 except Ms. Dano, who is not admitted in New York but was admitted in California in 2013. Mr. Troy has been in practice since 1989 but has only been litigating wage cases since 2009.

It takes little effort to ascertain the prevailing rates in FLSA cases in this district. The explosion of FLSA case filings in this district since 2008, see Encalada v. Baybridge Enters., Ltd., No. 14-cv-3113, 2014 WL 4374495, at *1 n.1 (E.D.N.Y. Sept. 2, 2014), has led to numerous decisions on attorneys' fees. It is now well established, and should remain so unless there is a significant change in the market for legal services in this area, that "[t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00." Tacuri v. Nithin Constr. Co., No. 14-CV-2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015), and "a reasonable hourly rate for a senior associate ranges from $200 to $300." Id. Junior associates generally command $100 to $150 dollars per hour. See Griffin v. Astro Moving and Storage Co. Inc., No. 11-cv-1844, 2015 WL 1476415, at *8 (E.D.N.Y. March 31, 2015).

Looking at the prevailing rates, most of the rates claimed by plaintiff in this case are too high. Applying the Johnson factors, while this was not the simplest FLSA case that I have tried, it was not the most complex either, and some of the complexities were unnecessarily caused by plaintiff's attorneys. Since the case was not settled pretrial but actually tried, it required a substantial time commitment and preparation for trial. The result that was obtained, although not reflecting a substantial judgment, was nevertheless a complete recovery of the wages that plaintiff was owed. These factors lead me to the following conclusions.

First, I cannot justify a rate in excess of $300 per hour for Mr. Troy. The trial was very rough in terms of demonstrating Mr. Troy's ability to formulate questions according to the rules of evidence, and the theories advanced, for the most part, were not the basis on which I decided the case. There also were a number of pretrial matters that he undertook that could easily have been undertaken by Mr. Federici at a much lower rate.

3

Second, I cannot award a rate of $250 per hour for associates who were admitted to the bar the same year the case was tried. Mr. Federici seemed competent enough, but he had no experience. I will allow his rate to be $175 per hour, as the highest rate recoverable for a junior associate in this district.

I need not determine the appropriate hourly rate for the remaining associates since, for the reasons stated below, I am disallowing half of each of their time and moving the remainder to Mr. Federici's adjusted rate. The paralegal rate is reduced to $80 per hour.

### III. Amount of Time

There were a number of inefficiencies in the time spent on this case. First, the case in no way required five associates. There is necessarily a learning curve anytime a new associate is introduced into a case, and the client should not have to pay for that. The total time charged for attorneys other than Mr. Federici is approximately 60 hours. I will reduce that by half to reflect this learning curve on the theory that Mr. Federici could have done that work in much less time, but I will allow the remaining half (30 hours) at Mr. Federici's adjusted rate of $175 per hour, which is in some instances higher than the rate claimed by the disallowed associates. To the extent that Mr. Troy did work that could have been performed as efficiently by an associate, I have already discounted for that by reducing his claimed hourly rate.

### IV. Defendant's Remaining Objections

Most of defendants' objections to the fee application are addressed in the discussion above. The remaining objections are addressed as follows.

First, I reject defendants' contention that plaintiff's attorneys failed to submit contemporaneous time records. Mr. Troy's affidavit explains that he uses a familiar software system where the attorneys enter their time into a database daily, and then the entries are

4

compiled when it is time to send a bill or make a fee application.  Those are contemporaneous records.  I also do not find that the entries are, for the most part, too general.  I can understand virtually all of the abbreviations, and I do not want to force attorneys to spend their time making such detailed entries that they end up spending a greater proportion of time keeping records as opposed to working on the case.

Second, I do not think a discount of fees is appropriate because of the gap between plaintiff's recovery and the attorneys' fees award sought.  Most FLSA cases involve recoveries that may seem *de minimis*, so legal fees will very often greatly exceed the amount of plaintiff's recovery.  For better or worse, Congress has determined that private, fee-driven litigation is the best way to induce employers to meet their wage obligations.  Arguments can be made to the contrary, particularly pointing out the burden that these attorneys' fees force upon small businesses, but those arguments should be addressed to Congress.  It is not the problem of plaintiff's counsel that Congress has created an opportunity for him.  Plaintiff was in fact owed wages, she obtained judgment for the amount she is owed, and there is no reason to disallow a reasonable attorneys' fee when Congress has expressly directed it.  To the extent plaintiff advanced theories that were not successful, as defendants point out, that has been addressed through a reduction in the hourly rates and the time charged.

Third, defendants complain that plaintiff has applied for "administrative and secretarial fees" as part of her costs, but I do not see any such charges.  The costs appear to be out of pocket expenditures attributable solely to this case.

Finally, defendants complain that plaintiffs made unreasonable settlement demands.  I commented on a similar argument in Encalada, noting that "[t]he argument is not irrelevant but often has limited persuasive value … [because] it is difficult for a court [to] tell which side, if

5

either, is at fault for not settling earlier, as neither admits to unreasonableness." 2014 WL 4374495, at *2. Here, defendants have put nothing in the record that would support their argument that it was plaintiff, rather than they, who were unreasonable. Frankly, even if they had, I would be unlikely to conduct a mini-trial on the issue of settlement unreasonableness in the context of an attorneys' fee application.

More fundamentally, experienced employers' counsel have a procedure at their disposal for potentially reducing the employers' exposure for attorneys' fees as a result of a plaintiff's unreasonable settlement posture. Recognizing that a plaintiff's claim for attorneys' fees can exceed the amount of her wage recovery exponentially, many employers will make an early offer of judgment pursuant to Federal Rule of Civil Procedure 68 for the maximum amount the employer believes that the employee might recover, including liquidating damages, plus "reasonable attorneys' fees and costs." Some courts have held that this renders the plaintiff's FLSA claims moot, and thus cuts off the continuing exposure for attorneys' fees. See, e.g., Lary v. Rexall Sundown, Inc., ___ F. Supp. 3d ___, No. 13-cv-5769, 2015 WL 590301, at *8 (E.D.N.Y. Feb. 10, 2015). Even if the case is not mooted, it is hard to imagine that in a case where the employer has made a Rule 68 offer, which the plaintiff rejects, and the plaintiff recovers substantially less than the offer, the Court will not view the rejection as an indication that the plaintiff's counsel was more interested in increasing the attorneys' fee rather than getting the plaintiff her recovery.

Here, as noted above, I have nothing before me to support the argument that plaintiff was unreasonable in refusing to settle except argument in defendants' brief. There was, apparently, no Rule 68 offer, so there is no objective evidence before me on the issue of reasonableness. I thus have no basis for accepting defendants' claim.

**V. Calculation**

Based on the factors set forth above, plaintiff's motion is granted to the following extent. Mr. Troy's 145.55 hours at $300 per hour equals $43,665.00. Mr. Federici's 81.8 hours, plus 30 hours (half of the other, disallowed associates' 60 hours), at $175 per hour equals $19,565.00. The paralegals' 10.1 hours at $80 per hour equals $808.00. Plaintiff is therefore awarded attorneys' fees of $64,038.00, plus $4830.67 in costs.

## CONCLUSION

The Clerk is directed to enter an amended judgment, awarding plaintiff damages in the amounts previously awarded, plus $64,038.00 in attorneys' fees and $4830.67 in costs.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       April 29, 2015